UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALJADI LÓPEZ, MARGIE TORRES-MONTALVO, CONJUGAL PARTNERSHIP LÓPEZ-TORRES, ALJADIE LÓPEZ-TORRES,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRAMA SEASONAL HEAD START/ EARLY HEAD START DE LA DIOCESIS DE MAYAGUEZ, INC., MYRNA CARRERO, BOARD OF DIRECTORS OF PROGRAMA SEASONAL HEAD START/ EARLY HEAD START DE LA DIOCESIS DE MAYAGUEZ, INC.,<br><br>Defendants. | Civil No. 14-1713 (JAF) |

**OPINION AND ORDER**

Plaintiffs Aljadi López-Rosario ("López"), Margie Torres-Montalvo ("Torres"), Conjugal Partnership López-Torres, Aljadie López-Torres ("López-Torres") (collectively "Plaintiffs") sued defendants Programa Seasonal Head Start/Early Head Start de la Diócesis de Mayaguez, Inc. ("Head Start"), Myrna Carrero ("Carrero"), and the Board of Directors of Programa Seasonal Head Start/Early Head Start de la Diócesis de Mayaguez, Inc. ("the Board") (collectively "Defendants"). Plaintiffs alleged that Defendants illegally discriminated on the basis of López's age. (ECF No. 1.) We previously dismissed the complaint on May 29, 2015. (ECF No. 21.) Plaintiffs move us to alter our previous judgment. (ECF Nos. 23, 25.) For the following reasons, however, we affirm our earlier judgment.

**I.**

**Background**

The facts are stated at length in our previous order. (*See* ECF No. 21.) In brief, López began working as a driver and a handyman for Head Start on an annually-renewed contract. There were no problems with his work, and his salary increased over the years. His February 2013 contract guaranteed at least 40 hours of work per week. However, on May 15, 2013, he was given a letter stating that his hours were being cut in half due to a budget cut, and that he would no longer be given handyman duties. His pay was reduced to nearly half of his previous salary.

On July 9, 2013, López requested reconsideration and a formal hearing on the changes to his employment. The Complaints Committee wrote to affirm the changes, and to state the time limit to appeal their decision. López appealed within the stated time limit, but the President of the Board of Head Start said that the appeal was time-barred. López contested this, and a hearing was held. On February 28, 2014, López was again given a contract for only twenty hours of work per week, but which now added language waiving any legal claims he had against Defendants. López requested an extension of time to review the new language, but on March 27, 2014, López received a letter, a check for his accumulated vacations, and a check for his termination. López wrote to object that he was never given a reason for his termination. During this process, another younger handyman continued in Defendants' employ without a reduction in wages. (ECF No. 21 at 2-4.)

**II.**

**Legal Claims**

Plaintiffs ask us to reconsider the dismissal of their ADEA claim, based upon their now-attached "Right-to-Sue" letter from the Equal Employment Opportunity Commission ("EEOC").  (ECF No. 23-1.)  They also seek a reconsideration of their claim under 42 U.S.C. § 1983.  (ECF No. 25.)  For the following reasons, we affirm our decisions regarding both claims.

**A.     Age Discrimination in Employment Act (ADEA)**

We previously dismissed this claim because Plaintiffs failed to show that they had filed a charge with the Equal Employment Opportunity Commission (EEOC), as is necessary under 29 U.S.C. § 626(d)(1).  (ECF No. 21 at 4-5.)  Plaintiffs now – on June 16, 2015 -- attach a copy of their "Notice of Right to Sue," mailed out to them on August 27, 2014. (ECF No. 23-1.)  However, we have looked again at the record and find that the letter was not presented in either the first complaint or in the opposition to the motion to dismiss.  (*See* ECF Nos. 1, 20.)  As stated in that letter from the EEOC, a plaintiff has ninety days to file suit after receipt of the letter.  (ECF No. 23-1).  According to the First Circuit, "a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice."  *Chico-Velez v. Roche Products, Inc.*, 139 F.3d 56, 59 (1st Cir. 1998).  Therefore, Plaintiffs' action under the ADEA is time-barred.

We note, however, that even if the cause of action was not time barred, it would be dismissed for another reason.  Under the ADEA, "the term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each

working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. §630(b).  Plaintiffs failed to address in their pleadings whether or not the Defendants were covered by this definition, and Plaintiffs' failure to address all elements of the claim would also have been fatal.

**B.     Title 42 Section 1983**

Plaintiffs ask us to reconsider our dismissal of their claim under 42 U.S.C. § 1983, pleading under Federal Rules of Civil Procedure 59 and 60.  (ECF No. 25.)

Federal Rule of Civil Procedure 59 allows that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b).  This motion was filed after that date.[1]

Federal Rule of Civil Procedure 60 allows for relief from a final judgment, as long as the motion is made within a "reasonable time." Fed. R. Civ. P. 60(c)(1).  However, Plaintiffs' instant motion simply rehashes arguments from the prior pleadings and our prior opinion.  "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014.)  We affirm our previous decision and dismiss Plaintiffs' claim under 42 U.S.C. §1983.  (*See* ECF No. 21.)

---

[1] The judgment was entered May 29, 2015.  (ECF No. 22.)  Twenty-eight days later would be June 26, 2015.  This motion was filed on June 29, 2015.  (ECF No. 25.)

## III.

## Conclusion

For the foregoing reasons, Plaintiffs' motions to alter judgment, or for relief from judgment, or for reconsideration (ECF Nos. 23, 25) are **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of July, 2015.

> S/José Antonio Fusté
> JOSE ANTONIO FUSTE
> U. S. DISTRICT JUDGE